# In the Iowa Supreme Court

No. 23–0217

Submitted September 11, 2024—Filed October 11, 2024

**Bryan Norris,**

Appellee,

vs.

**Trudy Paulson,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Sarah Crane, judge.

The plaintiff seeks further review of a court of appeals decision reversing the district court's denial of summary judgment on constitutional tort claims premised on the subsequently decided case of *Burnett v. Smith*. **Decision of Court of Appeals Affirmed in Part and Vacated in Part; District Court Judgment Affirmed.**

Per curiam.

John O. Haraldson, Assistant City Attorney, Des Moines, for appellant.

Robert G. Rehkemper of Gourley, Rehkemper & Lindholm, P.L.C., West Des Moines, for appellee.

**Per Curiam.**

Bryan Norris sued the City of Des Moines and one of its police officers, Trudy Paulson, after Paulson shot Norris in the arm and the abdomen on September 12, 2019, during an interaction at a homeless camp along the Raccoon River. Norris asserted two claims against Paulson: a claim for unreasonable seizure under article I, section 8 of the Iowa Constitution premised on excessive force and a common law assault claim. He also asserted an article I, section 8 claim against the City premised on vicarious liability and failure to train or supervise Paulson.

The defendants filed a motion for summary judgment, which the district court denied on December 29, 2022. The court identified material issues of fact concerning whether Paulson's actions were protected by qualified immunity under Iowa Code chapter 670 (2022) and whether they were justified, thereby providing a defense to the common law assault claim. *See* Iowa Code § 804.8(1) (2019) ("A peace officer, while making a lawful arrest, is justified in the use of any force which the peace officer reasonably believes to be necessary to effect the arrest or to defend any person from bodily harm while making the arrest.").

Paulson filed an application for interlocutory appeal. She asserted that Iowa Code § 670.4A(4) (2022), enacted in June 2021 and directing that "[a]ny decision by the district court denying qualified immunity shall be immediately appealable," applied retroactively and entitled her to an interlocutory appeal as a matter of right. Even without that statutory provision, Paulson argued that the district court misconstrued the due care protection provided under Iowa Code § 670.4(1)(*c*) (2019), which supported discretionary interlocutory review under Iowa Rule of Appellate Procedure 6.104(1). We granted Paulson's application on April 5, 2023, ultimately transferring the appeal to the court of appeals.

In the meantime, we decided *Burnett v. Smith*, where we overruled *Godfrey v. State*, 898 N.W.2d 844 (Iowa 2017), and held that "we no longer recognize a standalone cause of action for money damages under the Iowa Constitution unless authorized by the common law, an Iowa statute, or the express terms of a provision of the Iowa Constitution." 990 N.W.2d 289, 307 (Iowa 2023). When she filed her opening brief in the interlocutory appeal, Paulson changed the issues. Paulson no longer based her interlocutory appeal on qualified immunity. Instead, she argued that our intervening *Burnett* decision required vacating the district court's denial of summary judgment on Norris's constitutional claims. She also challenged the standard the district court applied to her justification defense for the assault claim.

The court of appeals affirmed the district court's conclusion that genuine issues of material fact precluded summary judgment on the common law assault claim. However, it agreed with Paulson that *Burnett* precluded Norris's constitutional claims, and it reversed and remanded for dismissal of those counts. We granted Norris's application for further review.

With respect to Paulson's appeal of the denial of summary judgment on Norris's common law assault claim, on further review we "let the court of appeals decision stand as the final decision." *Farnsworth v. State*, 982 N.W.2d 128, 135 (Iowa 2022) (quoting *State v. Fogg*, 936 N.W.2d 664, 667 n.1 (Iowa 2019)). We address only Paulson's argument that the district court's denial of her summary judgment motion on the constitutional claims must be reversed in the wake of *Burnett.*

Relying on some of our post-*Burnett* cases, *see, e.g., Venckus v. City of Iowa City*, 990 N.W.2d 800 (Iowa 2023); *White v. Harkrider*, 990 N.W.2d 647 (Iowa 2023); *Carter v. State*, No. 21–0909, 2023 WL 3397451 (Iowa May 12, 2023)

(per curiam), the court of appeals rejected Norris's argument that error preservation principles prevented the court from addressing Paulson's new argument on appeal premised on *Burnett*. In each of those cases, the district court had dismissed the constitutional claims, either on the basis that the constitutional provision at issue was not self-executing, *see Venckus*, 990 N.W.2d at 807 (noting that the district court granted summary judgment on Venckus's constitutional claims after concluding *Godfrey* claims were not "available against municipalities" or their employees and that article I, section 1 was not self-executing); *White*, 990 N.W.2d at 652 ("The district court held that article I, sections 1 and 8 were not self-executing and could not support claims for monetary relief."), or for failure to state a claim, *see Carter*, 2023 WL 3397451, at *1. We affirmed those dismissals "[f]or the reasons stated in *Burnett*." *Venckus*, 990 N.W.2d at 812; *see also White*, 990 N.W.2d at 652 (same); *Carter*, 2023 WL 3397451, at *1 (same).

Unlike those cases, this appeal seeks interlocutory review of the district court's *denial* of Paulson's request to dismiss the constitutional claims. Further, the interlocutory review was granted—at least in part—based on Paulson's claimed entitlement to a statutory right of appeal from "[a]ny decision by the district court denying qualified immunity" under Iowa Code § 670.4A(4) (2022). This case is more like our recent decision in *Thorington v. Scott County*, where we held that the automatic interlocutory appeal provision in Iowa Code § 670.4A(4) did not apply retroactively to conduct that predated its enactment. No. 22–1194, 2024 WL 874182, at *1 (Iowa Mar. 1, 2024) (per curiam). As in *Thorington*, Paulson was not entitled to this interlocutory appeal as a matter of right under Iowa Code § 670.4A(4).

Also as in *Thorington*, this case will continue in district court, and it is better to allow that court to decide the course of the constitutional claims in the first instance. *See* 2024 WL 874182, at *1 ("[W]e decline to decide (or to direct the district court how to decide) other requests for relief by the parties in this appeal that have not been presented to the district court, including the application of the holding in *Burnett*."). Our error preservation rules normally do not allow us to *reverse* the district court on an issue not decided by it— particularly if the issue was not even presented to that court. *See Lee v. State*, 815 N.W.2d 731, 740 (Iowa 2012) (declining to address an issue on appeal "because it was not presented to or ruled upon by the district court"); *cf. Meier v. Senecaut*, 641 N.W.2d 532, 540 n.1 (Iowa 2002) ("A *prevailing party* may support the district court judgment on any ground contained in the record, provided that *the affirmance* on that ground does not alter the rights of the parties established in the judgment." (emphasis added)); *cf. also State v. Maxwell*, 743 N.W.2d 185, 192–93 (Iowa 2008) (recognizing our obligation "to affirm an appeal where any proper basis appears for a trial court's ruling, even though it is not one upon which the court based its holding" but explaining we will apply that rule only to evidentiary issues, not substantive or procedural issues, "if the parties did not raise the issue in the district court" (quoting *Citizens First Nat'l Bank v. Hoyt*, 297 N.W.2d 329, 332 (Iowa 1980) (en banc))).

Paulson presents no other basis on appeal for overruling the district court's denial of summary judgment on Norris's constitutional claims. The district court's order denying summary judgment is therefore affirmed.

**Decision of Court of Appeals Affirmed in Part and Vacated in Part; District Court Judgment Affirmed.**

This opinion shall not be published.